```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

CLAUDIA DEL CASTILLO               §
                                   §
          Plaintiff,               §
                                   §
v.                                 §      CIVIL NO. H-04-4794
                                   §
DEPARTMENT OF HOMELAND SECURITY,   §
et al.,                            §
                                   §
          Defendants.              §
```

**MEMORANDUM OPINION**

Pending before the court[1] is Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Docket Entry No. 13). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant's Motion to Dismiss.

## I.  Case Background

Plaintiff, Claudia Del Castillo, is a citizen of Bolivia who entered the United States as a visitor for pleasure in 1999 and thereafter obtained H-1 temporary worker status.[2] On September 17, 2001, Plaintiff married Arun Natraj, a lawful permanent resident of the United States. On June 14, 2002, Natraj filed an I-130 petition for Plaintiff.

Plaintiff's temporary worker status expired on December 15,

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry No. 8.

[2] See Plaintiff's Original Complaint and Request for Preliminary Mandatory Injunction, Docket Entry No. 1, pp. 1-2. The facts contained in this section were taken directly from Plaintiff's Original Complaint. pp. 1-4.

2002.  On December 26, 2002, Plaintiff filed an application to change her status from H-1 nonimmigrant temporary worker to F-1 nonimmigrant student.  On February 20, 2003, this application was denied because Castillo was not in a valid nonimmigrant status at the time of her application and had no justifiable reason for the delay.  See 8 C.F.R. § 248.1(b).[3]

Plaintiff moved for reconsideration.  On May 11, 2004, Defendants denied Plaintiff's request for reconsideration and specifically referenced the general eligibility requirements of 8 C.F.R. § 214.1(a)(3).  The decision letter stated that, in light of the I-130 petition filed on her behalf by her resident alien husband, she was an "intending immigrant," and could not establish either a residence abroad to which she intended to return or an

---

[3]   8 C.F.R. § 248.1 states, in pertinent part:

   (b)  Except in the case of an alien applying to obtain nonimmigrant status in the United States under § 214.15(f) of this chapter, **a change of status may not be approved for an alien who failed to maintain the previously accorded status** or whose status expired before the application or petition was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of the Service, and without separate application, where it is demonstrated at the time of filing that:

   (1) The failure to file a timely application was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the dely commensurate with the circumstances;

   (2) The alien has not otherwise violated his or her nonimmigrant status;

   (3) The alien remains a bona fide nonimmigrant; and

   (4) The alien is not the subject of removal proceedings under 8 CFR part 240.  (emphasis added)

intention to depart the U.S. within a definite time frame.  On May 25, 2004, Natraj withdrew his I-130 petition.

Plaintiff is not presently in removal proceedings.  She seeks declaratory relief under 28 U.S.C. § 2201, et seq. that Defendants' denial of the application was "arbitrary, capricious, erroneous, invalid, unauthorized, an abuse of discretion and not in accordance with law," judicial review of the Defendants' decision denying her change of status pursuant to 5 U.S.C. § 702, and a writ of mandamus compelling the Defendants to adjust her status from H-1 temporary worker to F-1 nonimmigrant student.

## II.  Motion to Dismiss Standard

Pursuant to the Federal Rules of Civil Procedure ("Rules"), dismissal of an action is appropriate whenever the complaint, on its face, fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir. 2003).  Dismissal of a claim is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support" of the allegations that would entitle the plaintiff to relief. Cornish v. Corr. Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005); Kane Enters., 322 F.3d at 374.

Dismissal of an action is also appropriate whenever the court

lacks jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). In determining jurisdiction, the court may base its decision on the complaint alone, the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof is on the party asserting jurisdiction. <u>Id.</u>

### III. Analysis

Plaintiff seeks relief under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202, the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, et seq., and the Mandamus Act, 28 U.S.C. § 1361. The court finds that none of these sections affords Plaintiff relief under the circumstances presented.

The DJA provides, in part, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could have been sought." <u>See</u> 28 U.S.C. § 2201(a).

The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. However, Section 704 limits judicial review to only those

4

agency actions made reviewable by statute. See 5 U.S.C. § 704.[4] The APA excludes from coverage those agency decisions which are precluded from judicial review by law or committed to agency discretion by law. See 5 U.S.C. § 701(a)(1) and (2).

It is well-settled that neither the DJA nor the APA confers subject matter jurisdiction on the federal courts. See Califano v. Sanders, 430 U.S. 99, 107 (1977); Schilling v. Rogers, 363 U.S. 666, 667 (1960). There must be an independent jurisdictional basis present before a claim for declaratory relief or a petition for judicial review under the APA can be entertained. Bauhaus USA, Inc. v. Copeland, 292 F.3d 439, 447 & n. 11 (5th Cir. 2002); accord In re B-727 Aircraft Serial No. 21010, 272 F.3d 264, 270 (5th Cir. 2001); Gaar v. Quirk, 86 F.3d 451, 453 (5th Cir. 1996).

This court may review decisions under the APA only where there is express statutory authorization. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") implemented significant restrictions on federal court jurisdiction. Plaintiff has failed to cite any statute which would permit judicial review

---

[4] 5 U.S.C. § 704 states as follows:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

of a letter decision of the District Director of the California Service Center at Laguna Niguel.

The court finds that it cannot hear Plaintiff's case because Plaintiff has failed to exhaust her administrative remedies, which deprives the court of jurisdiction. In Cardoso v. Reno, 216 F.3d 512 (5th Cir. 2000), several aliens brought suit for injunctive and declaratory relief seeking to compel the Attorney General to adjust their status to permit them to remain in the United States. Significant to this case is Aurora Moran, one of the Cardoso class of aliens. Moran filed for an adjustment of status to that of a permanent resident while she was under the age of twenty-one. By the time her application was actually considered, she was no longer an eligible child. Moran sought review of this denial of adjustment of status.[5]

The Fifth Circuit stated, "As a matter of jurisdiction, courts may not review the administrative decisions of the INS unless the appellant has first exhausted 'all administrative remedies.'" Cardoso, 216 F.3d at 518, (citing 8 U.S.C. § 1252(d). The court found that while Moran lacked the ability to appeal the decision denying her request for adjustment of status, "she may, nevertheless, renew her request upon the commencement of removal proceedings." Id. citing 8 C.F.R. § 245.2(a)(5)("No appeal lies

---

[5] The court acknowledges that Moran was seeking a change of status from nonimmigrant to immigrant. For purposes of this analysis, it is a difference without distinction.

from the denial of an application by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in [removal] proceedings."); Austin T. Fragomen, Jr., et al., "Immigration Procedures Handbook," 13-91 (1999)("There is no direct appeal from [an adjustment of status] denial. . . . If the alien believes that the adjustment application was wrongly denied, he or she has the right to reapply for adjustment of status as a part of deportation proceedings brought against him or her by the INS.  The alien has a right to appeal the denial of an adjustment application when . . . made during a removal proceeding.")  The court concluded, "As such Moran has not yet exhausted her administrative remedies and this court may not exercise jurisdiction." Cardoso, 216 F.3d at 518.

Applying this same reasoning, this court lacks subject matter jurisdiction to review Defendants' decisions under the APA and to declare the rights of the parties under the DJA.[6]

---

[6] Both sides argued that 8 U.S.C. § 1252(a)(2)(B) provides the applicable rule of law. The court need not decide this debate because the court lacks jurisdiction for the reasons explained above.  However, the court has considered the argument as follows.
   Section 1252 sets forth the conditions under which an alien may seek judicial review of an order of removal.  Plaintiff is not in removal proceedings, and that statutory appellate scheme is not available to her.  Section 1252 also provides that, notwithstanding any other provision of law, no court shall have jurisdiction to review decisions specified in that subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a)[asylum relief].  See 8 U.S.C. § 1252(a)(2)(B)(ii).
   Adjustments from one nonimmigrant status to another are governed by 8 U.S.C. § 1258, which states that the Attorney General **"may, under such conditions as he may proscribe**, authorize a change from any non-immigrant classification to any other non-immigrant classification in the case of any alien lawfully admitted to the United States as a non-immigrant who is continuing to maintain that status . . ."
   The use of the permissive "may" has been held to confer discretion on

Plaintiff's other claimed basis for jurisdiction, the Mandamus Act, vests jurisdiction in this court over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In order to prevail, a plaintiff must establish: (1) that she has a clear right to have her application for adjustment of status adjudicated; (2) that defendant has a nondiscretionary duty to rule on the application; and (3) that she has no other adequate remedy. See Allied Chem.

---

numerous occasions. See U.S. Cellular Corp. v. City of Wichita Falls, Texas, 364 F.3d 250, 257 (5th Cir. 2004)(ordinance's use of words "may require" allowed city council the discretion to make decisions based on the particular circumstances in each case); Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359 (2nd Cir. 2003)("Courts have consistently interpreted the permissive 'may declare' language used in the Declaratory Judgment Act as a broad grant of discretion to district courts").

Also, while no court has held specifically that decisions under Section 1258 are nonreviewable pursuant to Section 1252(a)(2)(B)(ii), several cases have noted Section 1258's discretionary component. See Chong Shik Ahn v. INS, 418 F.2d 910 (9th Cir. 1969), where the court affirmed the decision of the INS denying appellant's application for a change of nonimmigrant status, finding that the INS had not abused its discretion under 8 U.S.C. § 1258. See also Azodi v. INS, 515 F.Supp. 712, 714 (S.D. Ohio 1981)(the granting of a change of nonimmigrant status is purely a matter of discretion under 8 U.S.C. § 1258); Lun Kwai Tsui v. Attorney Gen., 445 F.Supp 832, 836 (D.D.C. 1978)(the grant of a change in nonimmigrant status is discretionary under § 1258).

The court turns to the statutory language, which, while not expressly conferring discretion on the Attorney General, uses the broad permissive language of "may, under such conditions as he may proscribe" in characterizing the Attorney General's authority to decide requests to change nonimmigrant status. Section 1258's permissive language grants discretion to the Attorney General to adopt regulations as, and if, he deems appropriate without legislative guidance. This is the essence of the exercise of discretion. The court has no difficulty in finding that Section 1258 confers discretion upon the Attorney General. Thus, the exercise of that discretion renders decisions made pursuant to Section 1258 not reviewable pursuant to Section 1252(a)(2)(B)(ii), and the court would lack jurisdiction to review the district director's decision.

Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980)(party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy); Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv., 112 F.3d 1283, 1288 (5th Cir. 1997)(duty must be for specific, ministerial act, devoid of discretion).

Here, Plaintiff has failed to show that she had a "clear and indisputable" right to a change in nonimmigrant status. Plaintiff is not entitled to mandamus relief.

### IV. Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED**.

SIGNED this 30th day of August, 2005, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge